```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
                                                    14-CV-1409(JMA)(SIL)

DANIEL ZULUAGA,
                        Plaintiff,                  PROPOSED JOINT
                                                    PRE-TRIAL ORDER
        -against-


COUNTY OF NASSAU, NASSAU COUNTY
POLICE OFFICER MICHAEL J. MAIORANO
AND NASSAU COUNTY POLICE OFFICER
MARTY MESSINA, EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                        Defendants.

--------------------------------------X
```

AZRACK, District Judge:

The parties having conferred among themselves and with the Court pursuant to Rule 16, Federal Rules of Civil Procedure, now, therefore, the following statements, directions and agreements are adopted as the Pre-Trial Order herein:

      Plaintiff's attorney:   Steven Hoffner
                                    Law Offices of Steven A. Hoffner
                                    325 Broadway, Suite 505
                                    New York, New York 10007
                                    ph.  (212) 941-8330
                                    fax:  (646) 810-4031


      Defendants' Attorney:  Carnell T. Foskey
                                      Nassau County Attorney
                                      Kevin C. Palmeri
                                      Nassau County Attorney's Office
                                      1 West Street
                                      Mineola, New York 11501
                                      ph   (516) 571-3064
                                      fax  (516) 571-3081

PARTIES DEMAND A JURY TRIAL

Parties estimate that the trial will take approximately 5 days.

PLAINTIFF'S CLAIMS

a) Defendants violated plaintiff's federal civil rights pursuant to 42 U.S.C. Section 1983 in that he was deprived of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

b) Defendants violated plaintiff's federal civil rights pursuant to 42 U.S.C. Section 1983 in that he was subject to the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

c) Defendant officers violated plaintiff's rights guaranteed by the laws of New York State in that they subjected plaintiff to a false arrest, assault and battery.

d) As it relates to plaintiff's claims of violations of state law cited above, Defendant County of Nassau is responsible for the conduct of the defendant officers under the theory of respondeat superior, in that they acted under color of law.

DEFENDANTS' DEFENSES

a) The plaintiff fails to state a cause of action against the defendants upon which relief can be granted.

b) That at all times mentioned in the amended complaint, all employees of the defendant County of Nassau alleged to have anything to do with the plaintiff acted in their respective official capacities, and as members of the Police Department of Nassau County and they were and still are police officers and peace officers of the State of New York. That at all times the police officers, agents, servants and/or employees of defendant County of

Nassau having anything to do with the plaintiff were in the performance of their respective duties as police officers, agents, servants and/or employees of defendant County of Nassau; that all of the acts of such persons as peace officers and all the acts of each police officer, agent, and or/ employee of the defendant County of Nassau in connection with the plaintiff were performed in good faith, without malice and with reasonable and proper cause in the ordinary course of their duties as such police officers, agents, servants/and or employees of the defendant County of Nassau, as peace officers of the State of New York, and as required by them and each of them by reason of the conduct of the plaintiff and the arrest and confinement.

c) The actions complained of were in full accord with the applicable law.

d) The alleged acts of conduct of the named defendants herein, under the case of Monell v. New York State Department of Social Services does not create vicarious liable pursuant to the doctrine of respondeat superior and consequently Nassau County cannot be liable for any acts or conduct of any individual defendant herein, as a matter of law.

e) Plaintiff's constitutional and statuary rights have not been violated by the defendants herein.

f) The County of Nassau, its agencies, departments, and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

g) The action is barred by the Statute of Limitations

h) Pursuant to CPLR 1603, defendant County of Nassau asserts the limitations contained in CPLR 1601 and 1602 and all rights contained herein

i) Punitive damages may not be recovered against the County of Nassau and defendants herein as a matter of law.

j) That the use of such physical force as employed by the defendants in effectuating the

arrest of plaintiff was reasonable and justified as defined in the Penal Law, Criminal Procedure Law, and the Nassau County Police Department's Rules and Regulations. The plaintiff resisted a lawful arrest, and the use of physical force by the defendants was necessary and proper to overcome the plaintiff's unlawful resistance.

k) The plaintiff was arrested pursuant to probable cause and the actions of the police officers are immune from civil liability.

l) The County defendants have both absolute and qualified privilege with respect to the complaint language.

STIPULATIONS

None as of this time.

STATEMENT AS TO DAMAGES AND OTHER RELIEF SOUGHT

Plaintiff seeks monetary compensation for physical injuries, pain and suffering and economic damages.

DEFENDANTS' STATEMENT AS TO DAMAGES AND OTHER RELIEF SOUGHT:

Defendants deny Plaintiff is entitled to the relief sought herein.

NATURE AND JURISDICTIONAL BASIS OF ACTION:

Jurisdiction of this Court has been invoked under Title 28 U.S.C. Section 1331, in that this is an action based upon the alleged violation of plaintiff's federal civil rights, as guaranteed by 42 U.S.C. Section 1983. Plaintiff alleges that the conduct of Defendant Officers, acting under "color of law", violated plaintiff's Fourth Amendment rights against illegal searches and seizures, as well as protections against the use of excessive and unreasonable force and deprivation of liberty.

Jurisdiction of plaintiff's state law causes of action is conferred by 28 U.S.C. Section 1367(a) for false arrest, assault and battery against the named officers.

DEFENDANTS' STATEMENT AS TO NATURE AND JURISDICTIONAL BASIS OF ACTION:

Defendants deny Plaintiff's assertions of constitutional violations. In the absence of constitutional violations, there is no pendant jurisdiction over State Law claims.

WITNESSES

Plaintiff's Witnesses

      a) Plaintiff

      b) Mary Phelan

      c) Dr. Onid Barzadeh

Plaintiff and Mary Phelan will testify about the circumstances leading up to plaintiff's false arrest and assault by the officers in question. Dr. Barzadeh will testify as the physician who treated plaintiff for his broken elbow.

**Objection**: Defendants object to witness Dr. Onid Barzadeh, relevancy, and opinion testimony. To the extent that Plaintiff intends to introduce and present same as experts. Defendants object on the basis that Plaintiff has failed to comply with the expert disclosure requirement set forth in Fed. R. Civ. P. 26.

Defendant's Witnesses

      a) Police Officer Michael Maiorano

      b) Police Officer Marty Messina

      c) Sgt. Richard Keddy of the Nassau County Police Academy

Police Officers Maiorano and Messina will testify about the sequence of events of the arrest of Plaintiff. Sgt. Keddy will speak to the policies and practices of the Nassau County Police Department, and the training department personnel receive.

EXHIBITS

Plaintiff's Exhibits:

    Exhibit 1: DVD with photos of plaintiff's injuries

    Exhibit 2: Criminal Court Complaint (2 pages)

    Exhibit 3: Fingerprint Response Summary (6 pages)

    Exhibit 4: Notice of Claim letter and Notice (2 pages)

    Exhibit 5: Summons

    Exhibit 6: Lien for criminal representation for $5,000

    Exhibit 7: Winthrop University Hospital records (7 pages)

    Exhibit 8: Photos of 898 Elda Lane (Plaintiff has provided a digital copy of these photos on April 29, 2015)

    Exhibit 9: Certificate of Disposition (to be provided)

Defendant's Exhibits:

    Exhibit 1: Police Case Report of the Incident

**Objections**: Defendants' object to all of the above listed Plaintiff's exhibits on the grounds of privilege, authenticity, hearsay, bolstering, opinion testimony, relevance, and its probative value is substantially outweighed by its probative effect. Defendants reserve the right to utilize and/or introduce any exhibit referred to by Plaintiff, regardless of whether or not Plaintiff introduces same.

Defendants' Exhibits:

    A. Nassau County Police Department Case Report

    B. Nassau County Police Department Arrest Report

    C. Nassau County Police Department Physical Questionnaire

    D. Nassau County Police Department Event Chronology

    E. Nassau County Police Department Event -Search

    F. Police Officer Maiorano Memo Book

    G. Police Officer Messina Memo Book

    H. Police Officers Maiorano and Messina's training records

    I. All Pleadings

    J. Notice of Claim

    K. Plaintiff's 50-h transcript

## DEPOSITION TESTIMONY TO BE OFFERED

Plaintiff does not intend to offer any deposition testimony in his case-in-chief. Plaintiff reserves the right to use said testimony in the event the defendant officers are deposed before trial.

Defendant does not designate any deposition testimony. However, pursuant to Rule 32 of the Federal Rules of Civil Procedure, "Use of Depositions in Court Proceedings," specifically Rule 32(a)(1) and (2), County defendants reserve the right to use any portion of the deposition testimony taken in the instant action.

## TRIAL NOT TO BE CONDUCTED BY A MAGISTRATE JUDGE

All parties have not consented to a trial by a magistrate judge.

## RESERVATION OF RIGHTS

Subject to the ruling of this Court, the parties, by and through counsel, reserve their respective rights to amend and to supplement this pre-trial order.

Subject to the ruling of this Court, the parties reserve the right to use any relevant and admissible exhibit identified by the opposing party in their exhibits list whether or not the opposing party actually offers such exhibit at the time of trial.

Subject to the ruling of this Court, the parties reserve the right to call any of opposing party's listed witnesses regardless of whether they call him/her or not.

Subject to the ruling of this Court, the parties reserve the right to object to either party's exhibits which have not been provided to either party.

Subject to the ruling of this Court, the parties reserve the right to object to either party's exhibits based on relevancy or other evidentiary grounds.

Subject to the ruling of this Court, the parties reserve the right to offer for evidence any items, information, and documents obtained pursuant to subpoena, provided that opposing counsel be provided with all items, information, and documents obtained pursuant to all subpoenas within three (3) business days of receipt of same.

Dated: Central Islip, New York
April 29, 2015

                                            _____
                                                      U.S.D.J.

_____
STEVEN HOFFNER
Attorney for plaintiff
325 Broadway, Suite 505
New York, New York 10007
Tel: (212) 941-8330
Fax: (646) 810-4031


CARNELL T. FOSKEY
Nassau County Attorney
Attorney for Defendants


BY: _____
       Kevin Palmeri
       Deputy County Attorney

One West Street
Mineola, New York 11501
(516) 571-3064
(516) 571-3081